**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RIVAS ZUNIGA LUIS BERNER,

    Petitioner

v.                                                  CASE NO. 8:04-CV-2015-T-30EAJ
                                                              8:03-CR-337-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This matter comes before the Court upon receipt of Petitioner's Motion for Leave to Appeal Notice of Appeal *In Forma Pauperis* (Dkt. 8), which the Court has construed as a Notice of Appeal of the July 13, 2005 decision denying his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255, a motion for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 9), and a request to proceed *in forma pauperis* (Dkt. 10).

Issuance of a COA does not require a showing that the appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). Under the controlling standard, a petitioner must, however, demonstrate that reasonable jurists could find it debatable

---

[1]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (B) the final order in a proceeding under section 2255. . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

whether (1) the petition states a valid claim of the denial of a constitutional right <u>and</u> (2) the district court was correct in its procedural ruling.  See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). Petitioner has failed to make this threshold showing.  See *Slack*, 529 U.S. at 485; *Franklin*, 215 F.3d at 1199.

ACCORDINGLY, the Court **ORDERS** that**:**

1. The construed motion for issuance of a certificate of appealability (Dkt. 9), is **DENIED**.

2. The Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 29, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

SA:jsh